UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC MICHAELS,<br><br>　　Plaintiff,<br><br>v.<br><br>COMENITY BANK<br><br>　　Defendant. | CIVIL ACTION  1:15-cv-10680<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

NOW COMES the Plaintiff, ERIC MICHAELS ("Plaintiff") by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, COMENITY BANK ("Comenity") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking actual, statutory, punitive damages, attorney's fees and costs for Defendants' violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and Defendant's conduct harmed Plaintiff in this District.

1

**PARTIES**

4. Plaintiff, Eric Michaels, is a consumer and natural person over 18 years of age who, at all times relevant, resided in the Northern District of Illinois.

5. Defendant Comenity is a Delaware banking institution with its headquarters located in Wilmington, Delaware. Comenity transacts business in Illinois.

**COMENITY'S COLLECTION CALLS TO PLAINTIFF'S CELLULAR PHONE**

6. Plaintiff opened a line of credit with Comenity Bank on behalf of GameStop Corporation in or around November 2014.

7. At certain times, Plaintiff had been unable to make payments on the amount owed pursuant to his line of credit.

8. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of a cellular telephone with the assigned number ending in 6597. Plaintiff is and has always been financially responsible for his cellular phone and its services.

9. Throughout a period of two months, Comenity established a pattern of harassing Plaintiff with over 113 phone calls to his cellular phone. [1]

10. Comenity placed over 54 phone calls to Plaintiff's cellular phone between October 18 and October 29, 2015. [2]

11. Plaintiff revoked any prior express consent for him to be called on his cellular phone in Plaintiff's first phone call with a representative from Comenity on October 18, 2015.

12. Comenity placed 59 more phone calls to Plaintiff's cellular phone between November 1 and November 23, 2015.

---

[1] Due to the nature and frequency of the calls, it can be inferred that Comenity used an Automated Telephone Dialing System to place these calls.
[2] In Plaintiff's very first phone call with a representative from Comenity on October 18, 2015, Plaintiff stated: "Please stop calling me on my cell phone."

13. In nearly every call in which Plaintiff answered his cell phone, he asked that Comenity stop calling him. However, Comenity ignored Plaintiff's many requests.

14. Comenity's campaign of harassing phone calls was highly confusing and upsetting and has caused Plaintiff actual harm, including but not limited to, invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, increased usage of his telephone services, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

15. Moreover, Plaintiff was forced to expend time and expenses by retaining counsel as a result of Comenity's conduct.

### COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

16. Plaintiff restates and realleges paragraphs 1 through 15 as though fully set forth herein.

17. The TCPA prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS"). 47 U.S.C. §227(b)(1)(iii). The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

18. Upon information and belief, Comenity used a predictive dialing system to place calls to Plaintiff's cellular phone.

19. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

20. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

21. Comenity violated the TCPA by placing multiple calls to Plaintiff's cellular phone using ATDS without Plaintiff's consent. Any prior consent was revoked by Plaintiff on numerous occasions during Comenity's two- month campaign of harassing phone calls.

22. Pursuant to 47 U.S.C. §227(b)(3)(B), Comenity is liable to Plaintiff for at least $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Comenity's willful and intentional violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff ERIC MICHAELS requests that this Honorable Court:

a. Declare Comenity's conduct to be a violation of the TCPA;

b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C);

c. Award Plaintiff reasonable attorney fees and costs; and

d. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: November 25, 2015                Respectfully Submitted,

**/s/ Majdi Y. Hijazin*, Of Counsel***

Majdi Y. Hijazin, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188
mhijazin@hijazinlaw.com